IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BEATRICE HUDSON, | )<br>) |
| Plaintiff, | ) 8:05cv428<br>) |
| vs. | ) MEMORANDUM AND ORDER<br>) |
| OMAHA PUBLIC SCHOOL DISTRICT, et al., | )<br>)<br>) |
| Defendant. | ) |

This matter is before the court on filing no. 2, the Motion to Proceed In Forma Pauperis ("IFP") filed by the plaintiff, Beatrice Hudson. The plaintiff brings this action for alleged civil rights violations which occurred when she visited her son's public school. The plaintiff has previously filed claims in this court about and on behalf of her son. See, e.g., Case Nos. 8:04cv560, 8:04cv333 and 8:05cv384. In fact, this is the plaintiff's sixteenth federal civil rights lawsuit filed within approximately one year, each accompanied by a request to proceed IFP. The plaintiff has prevailed on none of those cases, and many have been dismissed as frivolous.

The plaintiff's former husband has custody of their minor son, and a state court has issued a protection order barring the plaintiff from the premises of the son's middle school. In this case, the plaintiff complains that when she appeared at the school on September 8, 2005, a police officer approached her and told her she should not be there in light of the protection order. The plaintiff alleges harassment and conspiracy by the school and the Omaha Public School District to deprive her of her civil rights.

The plaintiff has also sued the "Douglas County Court Administration," as she has before in Case Nos. 8:04cv333 and 8:05cv384, relating to the state court custodial and protection orders. As this court has explained in the plaintiff's previous cases, a federal district court has no appellate jurisdiction over any state court and does not possess authority to review or alter final judgments of a state court in judicial proceedings. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Feldman, 460 U.S. at 486. The "Rooker-Feldman doctrine" bars an action in federal district court "when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered, or must take action that would render the state judgment ineffectual." FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir.1996) (citation omitted). Thus, the "Rooker-

1

Feldman doctrine" prevents federal district courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state-court judgment. Consequently, as to all of the plaintiff's claims based on proceedings in the Nebraska state courts, the relief sought by the plaintiff cannot be granted in this court.

The plaintiff has also named the Douglas County General Assistance Program and the Nebraska State Bar Association as defendants. Although cryptic, the references to those defendants in the complaint appear to relate to the plaintiff's loss of a job and to a dispute over a fee between the plaintiff and an attorney who represented the plaintiff in state court.

By moving for leave to proceed IFP, the plaintiff subjects her complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff's motion for leave to proceed IFP is denied because the plaintiff's allegations do not state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Therefore, by **October 14, 2005**, the plaintiff must pay the court's $250 filing fee, and she must file an amended complaint. Unless the plaintiff files an amended complaint <u>and</u> pays the full $250 fee by **October 14, 2005**, Senior District Judge Lyle E. Strom may dismiss this litigation without further notice.

SO ORDERED.

DATED this 20th day of September, 2005.

                                  BY THE COURT:

                                  s/ F. A. GOSSETT
                                  United States Magistrate Judge